IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CLIFTON ROBERT FORD,**

      **Plaintiff,**

**v.**                                                              **No. 2:25-cv-0584 DHU-JHR**

**JAMES BOWMAN,**
**STEVEN E, BOYLE,**
**KARL MELTON, and**
**LAURA WHITESIDE,**

      **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION TO DENY
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DOC.18] AND DISMISS THE
COMPLAINT WITHOUT PREJUDICE**

THIS MATTER is before me on Plaintiff Clifton Robert Ford's Motion for Summary Judgement. [Doc. 18]. Defendants James Bowman, Steven Boyle, Karl Melton, and Laura Whiteside filed a motion to dismiss in response [Doc. 22] and Plaintiff filed a reply [Doc. 23]. U.S. District Judge David H. Urias referred this matter to me for findings of fact and a recommended disposition. [Doc. 24]. For the below reasons, I RECOMMEND the Court DENY the motion for summary judgment [Doc. 18], GRANT the motion to dismiss [Doc. 22], and ORDER Plaintiff to file an amended complaint within 60 days of entry of this Order.

**I.      BACKGROUND**

**A.    Ford's Pro Se Complaint [Doc. 1].**

Plaintiff filed his pro se complaint against the current and former Otero County treasurer and assessor on December 17, 2024, alleging violations of the Declaration of Independence, several constitutional provisions, and a handful of federal statutes and Uniform Commercial Code provisions. [Doc. 1]. He claims his property is at risk of seizure and sale if he does not pay

$18,396.98 in delinquent property taxes by July 1, 2025. *Id.* He "denounce[s] [the Otero County Assessor and Treasurer Office's] creation of tax bills, a lien (and possibly, bill of sale) . . . disenfranchising me, and by [sic] creating illegal fiduciary instruments against my personal property RIGHTS." *Id.* at 2. Ford requests an injunction and alleges irreparable injury because "[l]and seizure for 'taxes' not owed is an abrogation of my GOD given UNALIENABLE RIGHT to OWN property" and therefore Otero County "threatens/promises to take my property from me, thus taking my Life Liberty and pursuit of happiness." *Id.* at 2–3.

As for relief, Ford wants to be "permanently removed from the tax roles [sic] . . . FOREVER," any outstanding tax bills forgiven, any future action to seize or sell the property forbidden, a "PERMANENT tax exempt status" for the properties, tax records, return of all taxes paid, return of part of the road adjoining the property, and no court costs for this lawsuit. *Id.* at 5. Ford attaches his land patents and various deed and chain of title documents, which he believes exempt his property from tax liability and any foreclosure sale. *See* [Doc. 1-1].

**B.    Ford's Motion for Summary Judgment [Doc. 18].**

Ford filed his Motion for Summary Judgment on July 31, 2025, advancing his theory that current land patents preclude tax liability. [Doc. 18, a 6, 7]. As a 'sovereign" citizen, he asserts that he is not subject to property taxes. *See id.* He instead says his "SUPERIOIRTY [sic] OF LAND PATENT render[s] ANY claim by Otero County and the State of New Mexico unlawful." *Id.* at 8. He then copies the language of the land patents and recites definitions of various property law terms, such as "seisin." *Id.* at 9–15. He concludes that his land patents are superior to any claims by the state or county (such as liens or mortgages), rendering them invalid. *Id.* at 19. He attaches a Certificate of Trust for the Clifton R. Ford Family Trust (of which he is the trustee) [Doc. 18-1], and a copy of the Compromise of 1850 [Doc. 18-2, at 6].

2

**C.    Defendants' Motion to Dismiss in Response to Plaintiff's Motion for Summary Judgment [Doc. 22].**

Defendants move to dismiss the complaint because the land in question is actually owned by the Clifton R. Ford Family Trust. [Doc. 22, at 1, 2]; *see* [Doc. 22-1] (warranty deed granting lots at issue to Clifton R. Ford Family Trust) and [Doc. 22-2] (quitclaim deed reflecting Ford conveying his interest in the lots at issue to the Clifton R. Ford Family Trust). They argue Ford cannot bring claims on behalf of the trust as a pro se litigant because "[i]t is well established that non-attorneys cannot represent anyone other than themselves." *Id.* at 2. Defendants cite Local Rule 83.7 as well as Tenth Circuit case law to support their position. *Id.* at 2, 3. Defendants thus request the Court dismiss the complaint or require the trust to obtain counsel and deny the motion for summary judgment. *Id.* at 3.

## II.    <u>LEGAL STANDARDS</u>

The Federal Rules of Civil Procedure govern the form and substance of pleadings. Rule 3 provides "[a] civil action is commenced by filing a complaint with the court." Fed R. Civ. P. 3. Rule 7(a) states in relevant part "only these pleadings are allowed: (1) a complaint; (2) an answer to a complaint." Fed. R. Civ. P. 7(a). Rule 10 on pleadings directs a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Rule 8 says "[a] claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing the pleader is entitled to relief; (3) a demand for the relief sought." Fed. F. Civ. P. 8(a).

Regarding motions, Rule 7(b) states a "motion must: (A) be in writing . . . (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." Fed. R. Civ. P. 7(b). The rules permit a party to move for summary judgment beginning with "identifying each claim

3

or defense on which summary judgment is sought." Fed. R. Civ. P. 56. To prevail, the movant must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*

This District's local rules impose more stringent pleading standards than the Federal Rules of Civil Procedure. First, "[t]he title of a document must clearly identify its substance." D.N.M.LR-Civ. 10.2. Local rule 7.1 further requires that "[a] motion must be in writing and state with particularity the grounds and the relief sought." D.N.M.LR-Civ. 7.1(a). Similarly, local rule 7.3 states "[a] motion, response or reply must cite authority in support of legal positions advanced" and directs parties to "submit evidence, in the form of declarations, affidavits, deposition excerpts, or other documents, in support of allegations of fact." D.N.M.LR-Civ. 7.3.

### III.    ANALYSIS

**A.    I recommend the Court Deny the Motion for Summary Judgment and Dismiss the Complaint.**

I recommend the Cout deny Ford's motion for summary judgment as it is premature and fails to comply with pleading requirements. The motion is premature because Ford must first state cognizable claims in his complaint before moving for summary judgment on those claims. He has failed to do so. Ford's belief that his property is exempt from taxes has no legal basis as pleaded. His arguments are conclusory because he does not explain how invoking various constitutional concepts excuses him from paying property taxes and forgives back taxes owed. General statements recycling broad legal concepts are insufficient to state a claim for an unconstitutional taking of property (to the extent that is what he attempts to plead). *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Absent a complaint stating colorable claims, a motion for summary judgment on those claims is premature.

The motion for summary judgment itself fares no better. Ford does not identify with particularity each claim for which summary judgment is sought. Nor does he address the material facts Rule 56 contemplates as the lynchpin for summary judgment. His self-identification as a sovereign citizen and proffers of property law terminology do not meet the minimum requirements for a summary judgment motion. The Court has inherent power to expeditiously manage its docket and dispose of deficient matters. *See Dietz v. Bouldin*, 579 U.S. 40, 45 (2016). I therefore recommend the Court deny Ford's motion for summary judgment and dismiss the complaint.

**B.    I Recommend the Court Grant Defendants' Responsive Motion to Dismiss.**

I also recommend dismissal for the reasons Defendants argue. Defendants cite this District's Local Rule 83.7 and *United States v. Lain,* 773 F. App'x 476, 477 (10th Cir. 2019) to argue that Ford's pro se status forestalls his ability to represent the claims of the trust holding the properties. They urge that Ford must hire a lawyer to assert these claims. I have reviewed the authority Defendants cite and agree.

*United States v. Lain* is instructive. The Tenth Circuit considered an appeal from an action to enforce federal tax liens and sell real property held by defendant September Liberty Trust. *Id.* at 477. The pro se appellant Douglas Carpa moved to intervene to represent September Liberty Trust as its trustee and dismiss the claims against the trust. *Id.* The district court concluded that "a non-attorney cannot represent a trust pro se in federal court" and denied the motions. *Id.*

On appeal, Carpa argued that the district court violated his due process right by denying intervention. *Id.* The Tenth Circuit upheld the trial court's ruling, explaining that "artificial entities" like trusts may only appear through a licensed attorney because trusts "exist independently of their trustee . . . [s]o if the trustee is not a licensed attorney, he or she cannot represent the trust." *Id.*

(citing *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994)). Applying it to Carpa, the circuit explained:

> Mr. Carpa can act pro se in representing himself. But he is not a licensed attorney, so he cannot prosecute the appeal for another party. The trust is a separate party, so Mr. Carpa needs a licensed attorney to represent the trust in the appeal.

*Id.* at 478.

The same is true here. Ford's claims all concern the property held in the Clifton R. Ford Family Trust. *See* [Doc. 22-1] (warranty deed). The Clifton R. Ford Family Trust is a separate entity from Ford himself. Therefore, Ford cannot assert claims on behalf of the trust as a pro se, non-attorney litigant. *See Lain*, 773 F. App'x at 476, 477. He must retain licensed counsel if he wishes to continue prosecuting the trust's claims regarding the property's tax liability. I therefore recommend the Court grant Defendants' responsive motion to dismiss.

### IV.    CONCLUSION & RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** the Court **DENY** Ford's motion for summary judgment [Doc. 18], **GRANT** the motion to dismiss [Doc. 22], and **ORDER** Ford to obtain licensed counsel to file an amended complaint in compliance with the rules of civil procedure within 60 days of entry of this Order.

_____
HON. JERRY H. RITTER
United States Magistrate Judge

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE**

of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**