**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CLIFTON ROBERT FORD,

Plaintiff,

v. No. 2:25-cv-0584 DHU-JHR

JAMES BOWMAN, STEVEN E. BOYLE,
KARL MELTON, and LAURA WHITESIDE,

Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**
**TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

THIS MATTER is before me on sua sponte review of the docket. United States District Judge David H. Urias referred this matter to me for findings of fact and a recommended disposition. [Doc. 24]. I RECOMMEND finding that Plaintiff's claims fall within the ambit of the Tax Injunction Act ("TIA") and that Plaintiff has plain, speedy, and efficient remedies in state court. I therefore RECOMMEND the Court dismiss Plaintiff Clifton Robert Ford's Amended Complaint [Doc. 30] and Request for Immediate Injunction [Doc. 33] because this Court does not have subject matter jurisdiction over Plaintiff's claims.

## I. BACKGROUND

Plaintiff, acting pro se, filed his complaint against the current and former Otero County treasurer and assessor on December 17, 2024, alleging violations of the Declaration of Independence, several constitutional provisions, and a handful of federal statutes and Uniform Commercial Code provisions. [Doc. 1]. He claims his property is at risk of seizure and sale if he does not pay $18,396.98 in delinquent property taxes by July 1, 2025. *Id.* at 4. He "denounce[s] [the Otero County Assessor and Treasurer Office's] creation of tax bills, a lien (and possibly, bill

of sale) . . . disenfranchising me, and by [sic] creating illegal fiduciary instruments against my personal property RIGHTS." *Id.* at 5. Ford requests an injunction and alleges irreparable injury because "[l]and seizure for 'taxes' not owed is an abrogation of my GOD given UNALIENABLE RIGHT to OWN property" and therefore Otero County "threatens/promises to take my property from me, thus taking my Life Liberty and pursuit of happiness." *Id.*

As for relief, Ford wants to be "permanently removed from the tax roles [sic] . . . FOREVER," any outstanding tax bills forgiven, any future action to seize or sell the property forbidden, a "PERMANENT tax exempt status" for the properties, tax records, return of all taxes paid, return of part of the road adjoining the property, and no court costs for this lawsuit. *Id.* Ford attaches his land patents and various deed and chain of title documents, which he believes exempt his property from tax liability and any foreclosure sale. *See* [Doc. 1-1].

Ford then filed a Motion for Summary Judgment on July 31, 2025, advancing his theory that current land patents preclude tax liability. [Doc. 18, a 6, 7]. As a 'sovereign" citizen, he asserted that he is not subject to property taxes. *See* [*id.*] He instead said his "SUPERIOIRTY [sic] OF LAND PATENT render[s] ANY claim by Otero County and the State of New Mexico unlawful." [*Id.* at 8]. He then copied the language of the land patents and recites definitions of various property law terms, such as "seisin." [*Id.* at 9–15]. He concluded that his land patents are superior to any claims by the state or county (such as liens or mortgages), rendering them invalid. [*Id.* at 19]. He attached a Certificate of Trust for the Clifton R. Ford Family Trust (of which he is the trustee) [Doc. 18-1], and a copy of the Compromise of 1850 [Doc. 18-2, at 6].

Defendants moved to dismiss the complaint because the Clifton R. Ford Family Trust owns the land in question. [Doc. 22, at 1, 2]. They argued Ford cannot bring claims on behalf of the trust

as a pro se litigant because "[i]t is well established that non-attorneys cannot represent anyone other than themselves." *Id.* at 2.

The Court denied Plaintiff's Motion for Summary Judgment as premature and agreed with Defendants that Plaintiff could not act on behalf of The Clifton F. Ford Family Trust because a non-attorney may not assert claims on behalf of a trust. [Doc. 29]. *See United States v. Lain*, 773 F. App'x 476, 477 (10th Cir. 2019); D.N.M. LR-Civ. 83.7. The Court therefore dismissed the Complaint and ordered Plaintiff to obtain counsel and file an amended complaint within 60 days. [*Id.*]

Plaintiff, still acting pro se, timely filed an amended complaint on May 4, 2026. [Doc. 30]. In the Amended Complaint, he brings civil rights claims under 42 U.S.C. § 1983, alleging that New Mexico is "prohibited from taxing lands owned by the United States of America [of which] Plaintiff's lands are part and parcel . . . ." [*Id.* at 2]. He states that New Mexico laws to the "contrary are unconstitutional" under various provisions of the United States Constitution. [*Id.* at 3 (citing the "Privileges and Immunities Clause of Article IV and the Fourteenth Amendment; Article VI, making treaties the law of the land; Article I, Section 10, clause 1 prohibiting states [from] creating/passing ex post factor Laws; Amendment IX, protection of rights retained by the people; [and] Amendment X, limiting powers of government reserving them for the people.")].

Plaintiff asserts that he "has, on numerous occasions," informed Defendants that no tax is due . . . ." [*Id.* at 4]. Nevertheless, "Defendants continue to assess taxes (and penalties) against Plaintiff's properties." [*Id*]. He continues, "Plaintiff filed protest as provided under Section 7-38-21 on 5 May 2025 . . . [but] Defendants, specifically James Bowman[,] Assessor, has not followed due process as outlined in Section 7-38-23 of the New Mexico Statutes governing procedures for property tax protest hearings . . . ." [*Id.*] Section 7-38-23(C) provides that protests of property

valuation "shall be decided within one hundred twenty days of the date the protest is filed . . . ." N.M. Stat. Ann. § 7-38-23(C)(2015). Plaintiff alleges that he "was never provided a hearing nor received any correspondence[] of any kind regarding the protests filed with [Bowman's] office, therefore due process was NOT followed. The Fifth Amendment to the U.S. Constitution guarantees due process in taking of property." [Doc. 30 at 4-5]. He concludes, "Plaintiff has been deprived of his Fifth Amendment right of due process, as defendants continue to assess, bill taxes, accrue interest, and threaten seizure of Plaintiff 's private property while disregarding Section 7-38-23 of the New Mexico Statutes governing the procedures for property tax protest hearings . . . ." [*Id*. at 9].

In addition to the Amended Complaint, Plaintiff filed his Request for Immediate Injunction on June 8, 2026. [Doc. 33]. He asks the Court to prohibit "Plaintif's properties being turned over for collection, seizure, and auction (sale) by the Property Tax Division of the state of New Mexico on 1 July 2026" and that the injunction "remain in[]place until this complaint (and any court proceedings therewith) is concluded." [*Id*. at 1].

Defendants filed an Answer to the Amended Complaint asserting defenses of lack of standing, qualified immunity, and failure to state a claim. [Doc. 31]. They also assert that Plaintiff has failed to show he is entitled to injunctive relief. [*Id*.]

## II. ANALYSIS

This Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Rice v. Off. of Servicemembers' Grp. Life Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001)(stating that "prior exercise of jurisdiction in a case" has no impact on the court's duty to assess jurisdiction) (quoting *United States v. L.A. Tucker Truck Lines,* 344 U.S. 33, 38 (1952)). "If

the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action" without prejudice. Fed. R. Civ. P. 12(h)(3)); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1217 (10th Cir. 2006). Having assessed this issue on sua sponte review of the docket, I recommend the Court dismiss without prejudice Ford's Amended Complaint and Request for Immediate Injunction for lack of subject matter jurisdiction.

The TIA "prohibits district courts from "enjoin[ing], suspend[ing] or restrain[ing] the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." *Huddleston v. Martinez*, 833 F. App'x 472, (Mem)–473 (10th Cir. 2021) (unpublished)[1] (quoting 28 U.S.C. § 1341). Addressing a set of claims very similar to Plaintiff's,[2] the Tenth Circuit explained that the "TIA 'divest[s] the federal courts of subject matter jurisdiction over claims challenging state taxation procedures where the state courts provide a plain, speedy and efficient remedy.'" *Id.* (quoting *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999)); *cf. Fair Assessment in Real Est. Ass'n, Inc. v. McNary*, 454 U.S. 100, 116 (1981) ("[T]axpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts. Such taxpayers must seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate, and complete"). The TIA's "broad limitation on federal court

---

[1] Unpublished cases may be cited for their persuasive value. 10th Cir. R. 32.1; *See United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005) (citation of unpublished cases permissible when the case "has persuasive value with respect to a material issue in a case and would assist the court in its disposition . . . .").

[2] *See Huddleston v. Martinez*, No. 218CV01075 KWR-KRS, 2020 WL 1479205, at *1 (D.N.M. Mar. 25, 2020) (stating that the plaintiff asserted the defendants "violated the New Mexico statutes, the tax code, and United States Constitution in the manner they assessed [income] taxes against him" and, "in failing to follow the statutes or tax code, [the d]efendants committed fraud, extortion, Title 18 RICO, and violated his due process rights under the Fourteenth Amendment" and that the plaintiff sought to enjoin the defendants from collecting any taxes from him), *objections overruled,* No. 218CV01075KWR-KRS, 2020 WL 7872191 (D.N.M. Apr. 7, 2020), and *aff'd,* 833 F. App'x 472 (10th Cir. 2021).

interference with state collection of taxes" bars a civil rights action under § 1983, including injunctive relief, declaratory relief, and suits for damages. *Huddleston*, 833 F. App'x at 473 (quoting *Brooks v. Nance*, 801 F.2d 1237, 1239 (10th Cir. 1986)). Although the TIA references "state" taxation, it also applies to suits against local taxing bodies, such as Otero County. *See Rosewell v. LaSalle Nat. Bank*, 450 U.S. 503, 511 (1981) (holding the TIA barred suit regarding property taxes assessed by a county); *Collins Holding Corp. v. Jasper Cnty., S.C.*, 123 F.3d 797, 799 (4th Cir. 1997) ("It has long been established . . . that the [TIA] applies to local taxes as well as state taxes.").

Here, Plaintiff's claims fall clearly within the types of claims barred by the TIA. *See, e.g., Brooks*, 801 F.2d at 1239 (action asserting damages, injunctive relief and declaratory relief under § 1983 for seizure of untaxed cigarettes barred by TIA); *Schueller v. Martinez-Coplen*, No. CV 04-0616 MV/WDS, 2005 WL 8164211, at *2, 5 (D.N.M. Mar. 24, 2005) (holding that the TIA barred plaintiff's claims under § 1983 challenging the county's "method of assessing and collecting property taxes . . violate[d] the due process requirements of the Fifth and Fourteenth Amendments to the Constitution"); *Heuser v. San Juan Cty. Bd. of Cty. Comm'rs*, 162 F. App'x 807, 808-809 (10th Cir. 2006) (§ 1983 suit alleging constitutional violations in assessment of property tax, including due process violation during tax hearing, barred for lack of jurisdiction under TIA); *Prather v. Hedgecoth*, 378 F. App'x 805, 806-807 (10th Cir. 2010) (§ 1983 suit alleging state defendants violated his equal protection and due process rights, fraud, and negligence claims over flawed tax assessment and hearing barred under TIA); *Lister v. Utah State Tax Comm'n.*, 167 F. App'x 34, 35 (10th Cir. 2006) (§ 1983 suit asserting that state commission lacked authority to determine his residence and to invalidate state order obligating him to pay state income tax barred under TIA).

In addition, Plaintiff may pursue his claims in state court. The TIA only bars challenges in federal court if there is a "plain, speedy and efficient remedy" available in state court. To determine whether state remedies are plain, speedy, and efficient, courts must construe the exception narrowly and focus on whether there are "minimal procedural remedies available for the taxpayer to challenge the validity of the tax." *Brooks*, 801 F.2d at 1240; *see Rosewell*, 450 U.S. at 512-513)). "A state remedy is adequate if it meets certain minimal *procedural* criteria, which include an opportunity to *raise* the desired legal objections with the eventual possibility of Supreme Court review of that claim . . . ." *Brooks*, 801 F.2d at 1240 (quoting *Carrier Corp. v. Perez*, 677 F.2d 162, 165-66 (1st Cir. 1982)).

Here, Plaintiff may pursue his § 1983 claims in New Mexico courts. *Maine v. Thiboutot*, 448 U.S. 1, 3 n.1 (1980); *Schueller*, 2005 WL 8164211, at *5 ("State courts have concurrent jurisdiction of claims involving federal constitutional rights."). When state courts are available to hear § 1983 claims, that remedy is plain, speedy, and efficient under the TIA. *See McNary*, 454 U.S. at 116 n.8 (holding that comity barred award of damages by a federal court where state court remedies were "plain, adequate, and complete" and that "plain, adequate, and complete" was equivalent to "plain, speedy, and efficient" in the TIA); *see also Horn v. O'Cheskey*, 378 F. Supp. 1280, 1284 (D.N.M. 1974) ("The state courts have concurrent jurisdiction of claims involving federal constitutional rights and [the TIA] requires that one protesting the constitutionality of a state tax statute assert his federal rights in the state forum."); *Perez v. Ellington*, No. CV 03-0361 JP/LFG, 2006 WL 8444152, at *2 (D.N.M. May 4, 2006); *Heuser*, 162 F. App'x at 809.

The opportunity to pursue § 1983 claims in state court is sufficient to determine that this Court does not have jurisdiction over Plaintiff's claims. However, Plaintiff may also be able to seek relief through other avenues. For example, to the extent Plaintiff seeks to compel Defendants

to hold a hearing or issue a decision addressing the protests he lodged on May 5, 2025, under Section 7-38-24 [Docs. 30 at 4-5; 1-5 at 67-75], he may be able to seek a writ of mandamus in New Mexico district courts, the denial of which is reviewable on appeal. *See* N.M. Stat. Ann. § 44-2-4 (1884) (a writ "may be issued to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station"); § 44-2-14 (1899) (providing for appeal). *See also Bd. of Cnty. Commissioners, Harding Cnty. v. New Mexico Tax'n & Revenue Dep't*, 2021-NMSC-007, ¶ 14, 480 P.3d 870, 874 (petitioners "sought a writ of mandamus from the district court to compel the [state taxation department] to conclude the pending protests of valuations"); *cf. Huddleston v. New Mexico Tax'n & Revenue Dep't*, No. 35,397, 2017 WL 2115792, at *1 (N.M. Ct. App. Apr. 11, 2017) (unpublished) (reviewing appeal of hearing officer decision on the plaintiff's tax protest).

## III. CONCLUSION & RECOMMENDATION

Plaintiff's claims fall within those barred by the TIA and the state courts provide him with access to plain, speedy, and efficient remedies. I therefore **RECOMMEND** the Court **DISMISS** Ford's Amended Complaint [Doc. 30] and his Request for Immediate Injunction [Doc. 33] without prejudice for lack of subject matter jurisdiction.

JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**